IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEAN A. WALKER**                                                                                       **PLAINTIFF**

v.                                        Case No. 4:20-cv-01090-LPR

**ELF CONTRACTORS/ELSTON FORTE;**
**ROSE II ELECTRIC, INC.**                                                                   **DEFENDANTS**

## ORDER

Plaintiff Jean Walker's motion to proceed *in forma pauperis* is granted.[1] She reports that she has been unemployed since 2012 and subsists on disability income.[2] The law requires that I screen the Complaint.[3]

According to the complaint, Ms. Walker and her late husband were notified in October 2005 by the City of Little Rock ("City"), that a property they owned was unsafe and would be condemned if certain repairs were not undertaken.[4] Based on the information provided, it is unclear whether any further action was taken by the City until November 2018 when it again warned the Walkers by letter that the same property was in violation of City safety codes and was in danger of condemnation. Within days of the notice from the City, Ms. Walker obtained quotes for repairs from the Defendants.[5] Ms. Walker alleges she entered into a contract with Defendant Forte and issued him a check on November 17, 2018, noting the address of the property in the

---

[1] *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[2] Pl.'s Mtn. for Leave to Proceed IFP, Doc. 1.

[3] 28 U.S.C. § 1915(e)(2).

[4] Complaint, Doc. 2 at 12-13.

[5] *Id*. at 18-19.

memo line.⁶  Ms. Walker alleges that the repairs were never finished, requiring another contractor to finish the work.⁷  Ms. Walker brings this complaint alleging breach of contract and seeking $150,000.00 in damages.⁸  She asserts federal question jurisdiction, alleging her due process rights and 1st, 5th, and 14th amendment rights were violated.⁹

Federal courts are courts of limited jurisdiction.  We only have jurisdiction (meaning the authority) to hear certain kinds of cases.  We call this subject-matter jurisdiction. Cases over which federal courts do not have subject-matter jurisdiction must be dismissed.¹⁰  There are two basic types of subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. Neither exists here. So this case must be dismissed.

As a general matter, diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000.¹¹  Ms. Walker's allegation of $150,000 in damages meets the amount in controversy requirement; however, she has not alleged that diversity of citizenship exists.  In fact, the addresses listed for both herself and the defendants are Little, Rock, Arkansas, addresses.  Because the parties are not "citizens of different states," there is no diversity jurisdiction that would allow a federal court to hear this case.

As a general matter, federal question jurisdiction exists if the case arises "under the Constitution, laws, or treaties of the United States."¹²  Although Ms. Walker cursorily mentions

---

⁶ *Id*. at 10.
⁷ *Id*. at 8-9.

⁸ *Id.* at 7 & 9.

⁹ *Id*. at 3.

¹⁰ FED. R. CIV. P. 12(h)(3).

¹¹ 28 U.S.C. § 1332.

¹² 28 U.S.C. § 1331.

due process and various federal constitutional amendments, that's not enough.  She does not plead any facts whatsoever to support her conclusory assertions of constitutional violations.  Ms. Walker plainly wants redress for a breach of contract, which is a state-law claim that (absent diversity jurisdiction) belongs in state court.[13]

IT IS THEREFORE ORDERED that:

1. Plaintiff Walker's motion to proceed *in forma pauperis*, Doc. 1, is GRANTED.

2. The Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction.

3. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.[14]

Dated, this 30th day of September, 2020.

```
                                    LEE P. RUDOFSKY
                                    UNITED STATES DISTRICT JUDGE
```

---

[13] *Dover Elevator Co. v. Ark. State Univ.*,  64 F.3d 442, 446 (8th Cir. 1995).

[14] 28 U.S.C. § 1915(a)(3).